IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO EGGLESTON           :

                          :

   v.                      : Civil Action No. DKC 18-3419

                          :

SGT. McDOWELL              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is the motion to dismiss or in the alternative for summary judgment filed by Defendant Sergeant Ryan J. McDowell ("Defendant" or "Sgt. McDowell"). (ECF No. 11). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss, construed as a motion for summary judgment, will be granted.

**I.  Background**

This action arises from an incident at the Baltimore County Department of Corrections on November 18, 2017, when Antonio Eggleston, Plaintiff, was detained there as a pre-trial detainee. In his unverified complaint, (ECF Nos. 1; 1-1), Plaintiff describes the incident and alleges:

> I was assaulted . . . by Officer McDowell. I was suppose[d] to be going to medical for a breathing treatment [due] to me having [asthma]. When I was confronted by Sgt. McDowell he was overly aggressive as if I had

> done something wrong to give him a reason to act in that manner.  I was in total compliance [during] the time of this incident, but he continue[d] to be overly aggressive for [no apparent] reason.  Telling me put my arms up in [which] they were.  Normally the staff will let you come out into the corridor and do a pat down then transfer you to your destination.
>
> Sgt. McDowell left a part of my body vulnerable to this huge [steel] door, causing me to [lose] a large part of my finger.  After my finger was shut and amputated in the door, I jump up [and] down, walking [and] yelling in a great deal of pain down the corridor.  I reveal my finger and I was bleeding [profusely] with my left marriage finger now disfigure[d].  I was astonish[ed and] scared and Sgt. McDowell set there nervously, saying oh shit, oh shit, and telling me shut the hell up. . . . Not once did he call the medical code or medical or anything or try to assist me in any type [of] fashion.

Plaintiff elaborates that "another officer came and transported [him] to medical."  (ECF No. 1-1, at 3).  He does allege that "[o]nce on the elevator Sgt. McDowell thought it was wise to grab me by my collar and throw me against the wall."  (*Id.*).  Other officers took over, told Sgt. McDowell to leave, recovered his finger, and put it on ice.  The nurse said that Plaintiff needed to be transferred off the unit for surgery.  Eventually, he went to the hospital for surgery.  After he returned, he received no pain medicine and his hand got infected.

2

On November 11, 2018, Plaintiff filed a civil rights complaint against Defendant. (ECF No. 1). On June 7, 2019, Defendant filed the presently pending motion to dismiss or in the alternative for summary judgment. (ECF No. 11). Attached to Defendant's motion are affidavits of Sgt. McDowell, Lt. Douglas Giza, Officer Pamela Sterrette, photographs of the door, a log, incident reports, and various medical records. As relevant to the motion, Sgt. McDowell avers that, while frisking or searching Plaintiff just outside the sally port, Plaintiff pulled away, nearly kicking him in the face. When asked why, Plaintiff showed him his left ring finger, which was bleeding and partially amputated, and said it had been slammed in the outer sally port door. That door had been unlocked by Officer Sterrette to allow Plaintiff to exit the sally port. Once unlocked, the door must be pushed or pulled to open it, but it has a hydraulic hinge that automatically closes it. Lt. Giza was summoned immediately by Sgt. McDowell and arrived within a minute. Someone retrieved the amputated finger, and then Lt. Giza and Sgt. McDowell escorted Plaintiff to the elevator to take him to the medical department. Plaintiff started crouching down as if he was going into shock. Lt. Giza instructed Sgt. McDowell to help Plaintiff to his feet and assist him to exit the elevator. Sgt.

McDowell did so by grabbing him under his arm.  Once Plaintiff was in medical, Sgt. McDowell returned to other duties.

On July 10, 2019, Plaintiff responded to Defendant's motion. (ECF No. 13).  Plaintiff's unverified response contests some of the factual assertions.  As relevant to the motion, he seems to allege that Sgt. McDowell did not let him stand clear of the door when he exited the sally port, so that when Sgt. McDowell removed his foot, the automatic door shut on his finger.  He further states that, on the elevator, Lt. Giza never told Sgt. McDowell to do anything: "The defendant, the wise guy, took it upon himself to continue to assault me by throwing me up against the elevator[,] using techniques that they use on inmates being transferred and [that are] being [noncompliant].  Telling me face the wall shoving and kicking my legs and being verbally disrepectful."  (ECF No. 13, at 1).

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the complaint.  *See Edwards v. Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).  The Supreme Court of the United States articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant

4

> fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnotes omitted). This standard does not require a defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 561. Once

5

a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *Celotex Corp.*, 477 U.S. at 322-23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other

similar evidence showing that there is a genuine issue for trial. Summary judgment is appropriate under Fed.R.Civ.P. 56(c) when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson,* the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to

7

preclude an order granting summary judgment.  *See Anderson*, 477 U.S. at 252.  This court has previously held that "a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences."  *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D.Md. 2001).  Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial.  *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987)).

### III. Analysis

Although styled as a motion to dismiss or for summary judgment, the gist of Defendant's argument relies on reference to the material attached to the motion which consists of affidavits. Although advised of the opportunity to present evidence, such as affidavits or declarations, Plaintiff's materials are not in evidentiary form.  Instead, he disputes some of the factual assertions made by Defendant.  Accordingly, the motion will be considered under the summary judgment standard.

#### A.  **Excessive Force**

"[T]he Due Process Clause of the Fourteenth Amendment 'protects a pretrial detainee from the use of excessive force that amounts to punishment,' *Graham v. Connor*, 490 U.S. 386, 395 n.10

8

(1989), and is not 'an incident of some other legitimate governmental purpose.' *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)." *Duff v. Potter*, 665 F.App'x 242, 244 (4th Cir. 2016). A pretrial detainee must show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). Force applied to maintain or restore discipline is not unreasonable. *Mathis v. Somerset Cty. Det. Ctr.*, No. 18-223-ELH, 2019 WL 4958066, at *9 (D.Md. Oct. 8, 2019) (*citing Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)).

The Supreme Court has cautioned that it is first necessary to show that a defendant's conduct was deliberate:

> That is because, as we have stated, "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis,* 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (emphasis added). See also *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) ("Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property"). Thus, if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim. But if the use of force is deliberate—*i.e.,* purposeful or knowing—the pretrial detainee's claim may proceed.

*Kingsley*, 135 S. Ct. at 2472.

While Plaintiff clearly believes that Sgt. McDowell was unduly aggressive in his attitude, there is no evidence that he deliberately caused the door to close on Plaintiff's finger. At best, he could have been negligent in having Plaintiff stand where his hand was dangerously close to the heavy door. Without more, there can be no constitutional claim for excessive force from the initial injury to Plaintiff's finger. Plaintiff also takes issue with the account of the physical interaction on the elevator, claiming that Sgt. McDowell committed an assault rather than touched him in an effort to help him to his feet. He has not, however, gone beyond his own unverified bald allegations. Plaintiff, who obviously had been seriously injured, was in much pain, and had difficulty remaining upright. Any touching on the elevator has not been shown to be anything other than a normal effort to assist. Accordingly, Sgt. McDowell is entitled to summary judgment on Plaintiff's claim for excessive force.

**B.     Deliberate Indifference to Serious Medical Need**

Judge Chuang recently discussed the standard applicable to a claim of denial of medical care by a pretrial detainee:

> The Due Process Clause of the Fourteenth Amendment protects the rights of pretrial detainees to receive adequate medical care. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir.

> 2001) (stating that "the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, mandates the provision of medical care" [to] pretrial detainees "who require it") (citation omitted)); *Hill v. Nicodemus*, 979 F.2d 987, 990-91 (4th Cir. 1992). Pretrial detainees "retain at least those constitutional rights [held] by convicted prisoners." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001). Accordingly, the United States Court of Appeals for the Fourth Circuit has held that the Eighth Amendment deliberate indifference standard applies to Fourteenth Amendment claims by pretrial detainees of inadequate medical treatment. *Hill*, 979 F.2d at 991-92 ("[P]rison officials violate detainee's rights to due process when they are deliberately indifferent to serious medical needs." (citations omitted)); *see also Young v. City of Mount Rainier*, 238 F.3d 567, 575 (4th Cir. 2001) ("[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause."); *Gordon v. Kidd*, 971 F.2d 1087, 1094 (4th Cir. 1992) (citation omitted) ("Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainees' rights to due process when they are deliberately indifferent to serious medical needs."); *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.").

*Gattuso v. C.C.S. Med. Dep.*, No. 18-3470-TDC, 2020 WL 488954, at *3 (D.Md. Jan. 29, 2020). The test requires showing that the medical condition is objectively serious, and that, subjectively,

the official knew of and disregarded an excessive risk to the inmate's health or safety. Again, the standard is something more than mere negligence. Under this standard, Plaintiff neither stated nor demonstrated a claim for deliberate indifference to a serious medical need by Sgt. McDowell. Sgt. McDowell clearly understood the serious medical situation and did not ignore it. Help was on the scene immediately, summoned by Sgt. McDowell, who also helped to get Plaintiff to the medical unit. Sgt. McDowell was not involved in any further medical care or decisions and no other correctional staff are named as Defendants. Accordingly, summary judgment is appropriate as to this claim.

## IV. Conclusion

For the foregoing reasons, Plaintiff has failed to demonstrate a dispute of material fact as to his claims for excessive force and indifference to medical care. Defendant's motion for summary judgment will be granted by separate order. In addition, Plaintiff's motion to transfer venue, (ECF No. 15), is denied as moot.

/s/
DEBORAH K. CHASANOW
United States District Judge
